NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3007

VICTOR SALAS, JR.,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Michael P. Baranic, Gattey Baranic LLP, of San Diego, California, for petitioner.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.  Of counsel were Marla T. Conneely and David M. Hibey, Trial Attorneys.

Appealed from:  Arbitrator's Decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3007

VICTOR SALAS, JR.,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of an arbitrator's decision by Harry N. MacLean.

_____

DECIDED:    October 8, 2008

_____

Before BRYSON, GAJARSA, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Victor Salas, Jr., ("Salas") petitions for review of an arbitrator's award. The award denied his grievance. He claims that he was improperly removed from his position with U.S. Customs and Border Protection ("agency"), an agency within the Department of Homeland Security, for testing positive for a controlled substance in a random drug test. We <u>affirm</u>.

## BACKGROUND

Salas began working for the agency as a border patrol agent in January 2002. In May 2005 he became a canine handler. On August 1, 2006, Salas and other agents were notified that they had been selected for a random drug test. During his test, Salas handed his unsealed sample to the specimen collector, who walked out of the restroom

with it. Salas then washed his hands, rejoined the specimen collector, and initialed a strip that the specimen collector then placed on the cap and body of a sample container. The agency sent the sample to an outside testing laboratory, which found that the sample tested positive for cocaine.

On September 7, 2006, the agency proposed to remove Salas from his position for his positive drug test. On October 19, 2006, Salas, through counsel, objected to the agency's proposed removal, inter alia, on the ground that Salas's sample had been collected improperly because the specimen collector had removed the sample from Salas's sight before sealing it. The agency removed Salas from his position on November 6, 2006.

Salas subsequently filed a grievance, and the arbitration hearing was held on June 20, 2007. Test results from a urine sample were introduced. Counsel for both parties described the test results as being from Salas's sample. At this hearing, the agency called one of Salas's supervisors as a witness, who testified that Salas participated in a random drug test on August 1, 2006. The agency also called as a witness the medical review officer who had interpreted the report prepared by the outside laboratory that analyzed the sample. The medical review officer testified that the laboratory report showed that the sample tested positive for cocaine, and that another laboratory's analysis reconfirmed this positive test.

However, the agency did not present testimony regarding the chain of custody of Salas's sample. Salas testified that he lost sight of his unsealed sample when the specimen collector walked out of the restroom. On cross-examination, the medical review officer admitted that a sample should not leave the donor's sight until it is sealed.

In his post-hearing brief, Salas asserted that his loss of sight of the sample raised questions about whether the sample was his. On August 8, 2007, the arbitrator denied Salas's grievance, finding Salas's testimony regarding his brief loss of sight of his sample to be "insufficient to justify disregarding the test results," and concluding that the agency proved by a preponderance of the evidence that Salas tested positive for cocaine in a random drug test.

Salas timely appealed to this court, and we have jurisdiction pursuant to 5 U.S.C. § 7121(f) and 5 U.S.C. § 7703(a)(1), (b)(1).

DISCUSSION

We review the arbitrator's decision under the same standards that apply to appeals from decisions of the Merit Systems Protection Board. See 5 U.S.C. § 7121(f); Dixon v. Dep't of Transp., 8 F.3d 798, 803 (Fed. Cir. 1993). We must affirm the arbitrator's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. Nat'l Labor Relations Bd., 305 U.S. 197, 229 (1938).

Salas asserts that, because he briefly lost sight of his sample, the agency did not meet its burden of proving that the sample testing positive was his. The possibility that Salas's sample was misidentified or tampered with while he lost sight of it is speculative. Salas described his brief loss of sight of his sample but presented no other testimony or evidence at the hearing suggesting that the sample was not his.

On review, Salas asserts for the first time that the agency was required to present witnesses at his arbitration hearing to testify to his sample's chain of custody under Boykin v. U.S. Postal Service, 51 M.S.P.R. 56, 58 (M.S.P.B. 1991) (finding that an agency did not meet its burden of showing a drug test was valid when the testimony of its witnesses was insufficient to prove the chain of custody). We have held that a drug test sample's "chain of custody must be strong enough so that, on the record as a whole, the decision of the arbitrator can be found to be supported by substantial evidence." Frank v. Dep't of Transp., Fed. Aviation Admin., 35 F.3d 1554, 1557 (Fed. Cir. 1994) (citing Dixon, 8 F.3d at 804). Salas did not raise this issue at the hearing or in his post-hearing brief. Indeed, at the hearing his counsel referred to the test results as being from Salas's sample. Because "we do not consider issues that were not raised in the proceedings below," Frank, 35 F.3d at 1559, Salas cannot for the first time on review challenge the agency's failure to present witness testimony to the proof the chain of custody.

For these reasons, we affirm.

COSTS

No costs.